PEOPLE v POOLE

Docket No. 121298. Submitted September 10, 1990, at Detroit. Decided November 6, 1990, at 9:00 A.M.

Michael A. Poole pled guilty in the Detroit Recorder's Court, of two counts of first-degree criminal sexual conduct, one count of armed robbery, one count of assault with intent to murder, and of being an habitual offender, third offense. The trial court, Wendy M. Baxter, J., imposed concurrent prison sentences of twenty to forty years for the underlying felony convictions after articulating reasons for the sentences on the record. The sentences were vacated, and the defendant was sentenced as an habitual offender to concurrent prison terms of thirty to sixty years. The defendant appealed, claiming that he should be resentenced because the trial court did not articulate reasons for the sentences he received as a result of being an habitual offender.

The Court of Appeals *held:*

The trial court adequately articulated its reasons for the sentences imposed. None of the objections underlying the articulation requirements of *People v Coles,* 417 Mich 523 (1983), would be better served by remanding this case to the trial court.

Affirmed.

CRIMINAL LAW — SENTENCING — HABITUAL OFFENDERS — ARTICULATION OF REASONS.

A sentencing court which initially imposes a sentence for an underlying felony conviction and articulates reasons for the sentence on the record, and then vacates the sentence and sentences the defendant as an habitual offender with no further articulation of reasons has met the articulation requirements of *People v Coles,* 417 Mich 523 (1983).

*Frank J. Kelley,* Attorney General, *Gay Secor*

REFERENCES

Am Jur 2d, Criminal Law §§ 527, 598, 599; Habitual Criminals and Subsequent Offenders § 30.

See the Index to Annotations under Habitual Criminals and Subsequent Offenders; Mitigation or Aggravation of Punishment.

*Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Kim D. Johnson,* for the defendant.

Before: DOCTOROFF, P.J., and GRIFFIN and REILLY, JJ.

PER CURIAM. Defendant pled guilty of two counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), one count of armed robbery, MCL 750.529; MSA 28.797, one count of assault with intent to murder, MCL 750.83; MSA 28.278, and to being an habitual offender, third offense, MCL 769.11; MSA 28.1083. Defendant was sentenced to concurrent terms of twenty to forty years' imprisonment on the underlying felony convictions. Those sentences were then vacated, and defendant was sentenced as an habitual offender to concurrent terms of thirty to sixty years of imprisonment. He now appeals as of right. We affirm.

Defendant's sole contention on appeal is that he is entitled to resentencing because the trial court failed to articulate its reasons for the sentences imposed for the habitual offender convictions. We disagree. Our review of the record shows that the trial court adequately articulated its reasons for the sentences imposed. *People v Coles,* 417 Mich 523, 549-550; 339 NW2d 440 (1983). This case is different than *People v Ochoa,* 429 Mich 866; 413 NW2d 426 (1987), and *People v Livingston,* 430 Mich 899; 425 NW2d 92 (1988), in which no reasons were articulated for the sentences, other than the habitual offender enhancement statute. In this

case, the sentencing transcript is replete with reasons for the sentences imposed for the underlying convictions. We are not persuaded that any of the objectives behind the *Coles* articulation requirement would be better served by remanding this case to the trial court under such circumstances. The articulation requirement was fulfilled in this case. Defendant is not entitled to resentencing.

Affirmed.